Henry Clark, by his next friend, Appellee, v. City of Chicago, Appellant.

### Gen. No. 17,518.

DAMAGES—*care required of infant to procure surgical attention.* Where a ten-year-old infant sues for personal injuries and the

injury has been greatly aggravated by a refusal of the mother to permit the child to receive proper surgical attention, an instruction that the child was required only to use ordinary care in procuring surgical treatment, and that the negligence of a parent in such respect would not be imputed to the child, is not objectionable, particularly where another instruction stated that defendant could only be liable for such ailments as were the natural and proximate result of the accident.

Action in case for personal injuries. Appeal from the Circuit Court of Cook county; the Hon. EDWARD M. MANGAN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Affirmed. Opinion filed October, 1912. *Certiorari* denied by Supreme Court (making opinion final).

EDWARD J. BRUNDAGE, CLYDE L. DAY, WILLIAM H. SEXTON and N. L. PROTROWSKI for appellant; EDWARD C. FITCH and DAVID R. LEVY, of counsel.

RICHARD J. FINN, for appellee.

MR. JUSTICE BARNES delivered the opinion of the court.

This is an appeal from a judgment for $6,000 in favor of plaintiff for damages alleged to have resulted from an injury sustained by him when ten years of age from falling on a projecting nail in a sidewalk of the city.

After the boy was injured he was taken to a hospital for treatment. The physicians found that he had an infected wound in the left hip, and advised an operation, to which his mother objected. In two or three days he was removed to his home, and steadily grew worse with the result that at the time of the trial the left leg was smaller and shorter than the other and its muscles were atrophied, the left hip joint was stiff and without motion, and the left thigh at such an angle as to cause the bending of the spine when the leg was straightened. The physicians testified that the proper line of treatment at the time would have necessitated an incision to the hip joint, but the mother would not permit it, and that his resulting condition probably would have been very different had such treatment been followed.

It is contended by appellant that it cannot be held liable for negligence after the accident to procure proper medical or surgical treatment, and, in view of such evidence, that it was error to give the following instruction:

"The court instructs the jury that a child of ten years of age, who has sustained an injury, is only required by law to exercise ordinary care for one of his years, capacity, intelligence and experience, to procure medical or surgical treatment, and in following the advice and instructions of his doctors or surgeons; and the negligence, if any, of the parents of such child, or either of them, in this regard cannot be imputed to the child."

Whether or not the instruction was correct in stating what degree of care a child ten years old would be expected to exercise in procuring medical treatment, we do not see how it could have been harmful, and, so far as it stated that the negligence of the parents in that respect could not be imputed to the child, it stated the law. It did not undertake, however, to state that the defendant could be chargeable with the results of such negligence, if any. The jury were told by an instruction submitted by defendant that it was liable, if at all, for such ailments as were the direct and proximate result of the accident and not for such as arose from any other cause. They might properly have been instructed more specifically to the effect that if they believed from the evidence that the injuries were aggravated by reason of neglect to give proper medical or surgical attention, no allowance of damages could be allowed therefor, but no such instruction was given or asked for. From the instructions given the jury presumably considered these matters.

We find no justification in the law for disturbing the jury's verdict and the judgment entered thereon.

*Affirmed.*